SAMUEL T. SUIT *vs.* JOHN A. J. CRESWELL and others, Commissioners of the Freedman's Savings and Trust Company, and JOSEPH J. STEWART, Trustee.

*Trustee—Sale of Trust property—Equity Practice—Power of Court under the Act of 1870, ch. 370, to require a sufficient Bond to be given by a Trustee—When Injunction not necessary.*

Where a deed of trust authorizes the trustee therein appointed, to make sale of the trust property upon the default of the payment of the debt intended to be secured by such deed, it is not necessary that he should ascertain and determine before attempting to make the sale, to whom the proceeds thereof may belong. The Circuit Court can determine that matter, after the sale has been reported and confirmed as required by the Act of 1870, ch. 370.

Where no bond, or insuffia cient one has been given by a trustee, it is competent for the Court under the provisions of the Act of 1870, ch. 370, upon the application of the complainant, or other party interested, to order the execution of an adequate bond, and to remove the trustee upon failure to comply with such order, and to appoint another in his stead. No writ of injunction is necessary in such case.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The bill in this case was filed by the appellant on the 10th of August, 1875, praying an injunction to restrain the sale of certain real estate of the appellant, advertised to be made in virtue of a deed of trust or mortgage, executed by him and his wife to the appellee, Joseph J. Stewart, on the 29th of June, 1872, to secure to the Freedman's Savings and Trust Company, the payment of a promissory note of the same date for $25,000, payable one year after date, with ten per cent. interest,

said sum of money having been borrowed by the appellant of said Savings and Trust Company.

The complainant based his claim to an injunction upon several grounds. He charged that the Act of Congress, entitled "An Act amending the charter of the Freedman's Savings and Trust Company, and for other purposes," approved June 20, 1874, under which the Commissioners were acting, was unconstitutional and void; that the bond given by the trustee was insufficient both as to penalty and surety; and that he the complainant was entitled to a credit on his debt, by virtue of an assignment from one of the creditors of said Company to him, which the Commissioners refused to allow.

On the 9th of August, 1875, Judge BRENT passed an order directing an injunction to issue. The defendants answered the bill, and a motion was made to dissolve the injunction. Leave was given to either party to take testimony to be used at the hearing of the motion to dissolve. The cause was argued upon the bill, answers and proof, and on the 6th of March, 1876, Judge MAGRUDER passed an order dissolving the injunction. From this order the complainant appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*Richard B. B. Chew* and *William H. Tuck*, for the appellant.

*Jos. K. Roberts, Jr.* and *Enoch Totten*, for the appellees.

STEWART, J., delivered the opinion of the Court.

The rule is well established that the powers of a Court of equity to grant relief by the writ of injunction, should be exercised with great caution.

A party applying for preventive relief by this extraordinary process, which is not a matter *ex debito justitiæ,*

must clearly show, that his application rests upon some solid and primary equity, in aid of which such remedy is to be employed.

If he can have relief according to the nature of his case, without such interposition of a Court of equity, he is without ground to invoke its assistance.

There can be no doubt that under the deed from the complainant, the trustee therein appointed, was authorized to make sale of the property conveyed to him in trust, in default of the payment of the debt intended to be secured thereby.

The acceptance of the trust devolved this duty upon him according to the provisions of the deed, clothing him with the power.

Before he attempted to make the sale, it was not necessary as a preliminary enquiry on his part, that he should ascertain and determine to whom the proceeds of the sale might belong.

That question can be determined by the Circuit Court after the sale shall have been reported and confirmed, as required by the Act of 1870, ch. 370.

Under the provisions of this law, if no bond, or an insufficient one has been given, it is competent for the Court upon the application of the complainant, or other party interested, to order the execution of an adequate bond, and to remove the trustee, and appoint another if not complied with.

The trustee being required under the law, in such case made and provided, to give ample security before undertaking to make sale of the property, there ought to be no reasonable doubt as to its sufficiency.    This matter is within the jurisdiction of the Circuit Court, and if the bond of the trustee is insufficient, it can order another to be given.    All these things can be accomplished by the Circuit Court in the exercise of its jurisdiction under the statute, and no writ of injunction is necessary in such case.

There being no occasion in this proceeding, to express any opinion as to the validity and effect of the Act of Congress, amending the charter of the Freedman's Savings and Trust Company, approved June 20th, 1874, or as to the authority of the respondents, the Commissioners, to exercise powers thereunder, and to collect the debt referred to in the deed of trust—questions, which were ably argued by the respective counsel,—we refrain from their adjudication.

Finding no error in the order of the Circuit Court dissolving the injunction, it will be affirmed, and the cause remanded.

*Order affirmed, and*
*cause remanded.*

(Decided 7th February, 1877.)